## John Over v. J. K. Carolus.

70 513
171s 552

1. MORTGAGES—*Deeds Absolute in Form—Compensation for Loss of Equity of Redemption.*—A deeded certain land to B in satisfaction of a debt, taking an agreement for a reconveyance upon payment of the amount due within two years. B sold the land to C for the amount of the debt and C traded it for other property with the advice and co-operation of A. At a later date A filed a bill alleging that the transactions between himself, B and C amounted to a mortgage of the original property to C, and praying for a money decree for the value of his alleged equity of redemption. C claimed that he had no knowledge that the original deed to B was intended as a mortgage, that his own deed was absolute and that in the subsequent transactions A acted as his agent. *Held*, that as the trades had been made with the consent and acquiescence of A, whatever equity, if any, he had in the original land must be considered as transferred to the property traded for, and that it would be improper to charge C with the money value of such equity, and to give A the money, when, if the original transaction was a mortgage, C would be entitled to a payment in money by way of redemption.

Bill, for an accounting. Error to the Circuit Court of Whiteside County; the Hon. J. C. GARVER, Judge, presiding. Heard in this court at the December term, 1896. Affirmed. Opinion filed June 26, 1897.

C. L. SHELDON, attorney for plaintiff in error.

J. E. McPHERRAN, attorney for defendant in error.

MR. JUSTICE CRABTREE DELIVERED THE OPINION OF THE COURT.

This was a bill in equity brought by plaintiff in error against defendant in error and one Emanuel Brown, to obtain an accounting as to certain land deals and transactions originating in Whiteside county in this State. It appears that on February 18, 1887, Over was the owner of Section No. 34 in Hahneman township in said Whiteside county, which was then subject to an incumbrance or mortgage for the sum of $6,000. That Over was indebted to Brown in the sum of $1,000, and to various other parties to the amount of $551. An arrangement was entered into between Over and Brown, on the date above mentioned, whereby Brown paid off this indebtedness of $551 to other parties, and Over thereupon conveyed to Brown this Section 34, as security for the payment of $1,551, and the latter executed a contract to Over to reconvey the land on payment of said sum of $1,551, no reference being made in the contract to the $6,000 incumbrance to which the land was subject when conveyed by Over to Brown. By its terms, the contract for reconveyance ran two years. There is no question that the transaction between plaintiff in error and Brown amounted in equity to a mortgage, from which the former would have had the right to redeem according to the terms of the contract, had the situation of the parties remained unchanged.

On February 19, 1887, the next day after these transactions between Over and Brown, the former made a general assignment for the benefit of creditors, and in those proceedings his assets were shown to be $4,893.60 and his liabilities $5,739.91. His schedule contained no reference to any interest in said Section No. 34. So far as this fact has any bearing upon the case it will be referred to hereafter.

In August, 1888, the evidence tends to show that plaintiff

in error owed Carolus the defendant in error (who is his brother-in-law) between $500 and $600 and desired the latter to advance him more money that he might go to Omaha to engage in business there. That Over having failed to pay Brown the $1,551 due the latter, Brown had served notice on him to surrender possession of the land. At the suggestion and solicitation of Over, Carolus paid Brown the amount due him, and thereupon the latter executed a quit-claim deed of Sec. 34 to Carolus, and thereafter Brown does not appear to have had any connection whatever with the transactions between Over and Carolus.

In December, 1891, by the consent and active co-operation of plaintiff in error, Carolus traded said Sec. 34 for a certain flouring mill, elevator and town lots situated in White Cloud, Kan., in exchange for which he deeded the land in Whiteside county to one E. C. Nuzum, for an alleged consideration of $25,400, subject to a mortgage of $6,000, which Nuzum assumed and agreed to pay. The mill and elevator property was valued in the trade at $19,000.

Carolus went to White Cloud and operated the mill for two or three years, as he claims, at a loss of $3,000, at the end of which time, with the consent and active co-operation of plaintiff in error, Carolus traded off the mill and elevator property for lands in Nebraska and Missouri, and for a store building and lots in Nebraska, the title to which he apparently still holds, and the value of which under the evidence, appears to be a matter of a good deal of uncertainty.

The bill proceeds upon the theory that the transactions between Carolus, Over and Brown, in relation to Sec. 34, amounted to a mortgage from Over to Carolus, from which the former would have the right to redeem, and the bill prays for such right, or, in the event that no redemption can be decreed because the land has passed into the hands of an innocent purchaser, then it asks for a money decree against Carolus for the value of Over's alleged equity in said Sec. 34. So far as Brown is concerned, he is not brought into this court by the writ of error. The bill sought to charge him with the payment of the $6,000 incumbrance

on Sec. 34, because by mistake he agreed to reconvey on payment of $1,551, but there was clearly no equity in that claim and no honest reason why Over should have made it against him.

In his answer defendant in error strenuously denies that there was any intention, understanding or agreement that the transaction whereby the title to Sec. 34 became vested in him, was to constitute a mortgage between Over and himself. He insists that he purchased the land in good faith, for full value, and without any knowledge of the contract between Brown and Over for a reconveyance on payment of the amount due from the latter to the former, and without any agreement on his own part to reconvey or account in any way to Over for the proceeds of Sec. 34. He insists that in the later transactions, resulting in the exchange for the mill and elevator property, and in the trade of the latter property for the lands in Nebraska and Missouri, and wherein he consulted and co-operated with Over, the latter was merely acting as his agent, and not as owner in behalf of himself. Upon this point we are bound to admit that there is much in the evidence which tends to show that Carolus recognized Over as having some equity and interest in the transactions, and were Carolus still the owner of Sec. 34, we would be inclined to hold that Over had a right to redeem and to an accounting; but, unfortunately for him, such is not now the situation, for, by his own consent and co-operation, the conditions are entirely changed. Counsel for defendant in error has made a lengthy argument to show, and urges with a good deal of force that, because Over failed to schedule his alleged interest in Sec. 34 in the assignment proceedings, he was guilty of such a fraud upon his creditors as now debars him from obtaining any relief in a court of equity, even though the evidence might show him to be otherwise entitled to it. Under the view we take of the case, it is unnecessary for us to discuss or pass upon the proposition, as, upon other grounds, we think the plaintiff in error has failed to establish the right to a decree in his favor, and the court below was therefore right in dismissing the bill.

It is not now insisted that any redemption can be decreed as to Sec. 34, nor, indeed, could any such claim be reasonably urged. That the land has passed into the hands of an innocent purchaser, by the consent and co-operation of plaintiff in error, is practically admitted, and the present owner was not even made a party to this suit. The only contention is that plaintiff in error is entitled to a money decree for the value of his supposed equity, and much testimony has been taken as to the value of Sec. 34, and also as to the value of the lands received by Carolus in exchange for the mill and elevator property, and which, so far as the evidence shows, are still undisposed of. We regard the evidence as being entirely too unsatisfactory and speculative to form the basis of a money decree. The lands in Nebraska and Missouri received in exchange for the mill and elevator property were acquired by Carolus with the entire consent and acquiescence of plaintiff in error, and whatever equity, if any, Over had in the property traded for these lands, must be considered as transferred to them. Had the lands been disposed of, and a definite sum realized therefrom, there might be some basis for an accounting, but they are still held by Carolus, and may or may not be salable, but to charge him now with their money value, according to the conflicting opinions of the witnesses, might be the means of doing him great injustice, by loading him up with a lot of unsalable land and giving Over the money, while, if the original transaction in relation to Sec. 34 was a mortgage, then Carolus is the one entitled to the money by way of redemption. In any view we have been able to take of this case, we can not see how plaintiff in error is entitled to any relief under the bill filed and the evidence submitted, and we think the court properly dismissed the bill, and its decree will be affirmed.